# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv99
### [Criminal Case No. 1:05cr16]

| | |
|---|---|
| DENNIS ROGER VANDYKE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on the Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].

## PROCEDURAL HISTORY

On February 8, 2005, the Petitioner was charged in a two count bill of indictment with felony possession of a firearm and possession of an unregistered and illegal firearm, in violation of 18 U.S.C. § 922(g)(1) and 26 U.S.C. §5861(d). [Criminal Case No. 1:05cr16, at Doc. 2]. At the time of his indictment, the Petitioner had state charges pending against him by the State

1

of North Carolina and was receiving mental heath treatment at Broughton Hospital in Morganton, North Carolina. [Id., at Doc. 4]. After the Petitioner was released from Broughton Hospital and the state charges were dismissed, he was taken into federal custody on March 10, 2005. [Id., at Doc. 9]. During the pre-trial proceedings in this Court, the Petitioner required a psychiatric evaluation and another period of treatment pursuant to 18 U.S.C. §§4241, *et. seq*.

In October 2007, the Petitioner entered into a plea agreement with the Government pursuant to which he agreed to plead guilty to Count One, the felony possession count, of the bill of indictment. [Id., at Doc. 45]. On February 7, 2008, the Petitioner was sentenced by the Hon. Lacy H. Thornburg to 84 months imprisonment. [Id., at Doc. 50]. He did not file a direct appeal.

## DISCUSSION

On May 10, 2010, the Petitioner filed this action in which he claims that the Bureau of Prisons (BOP) has refused to give him credit for time served between January 21, 2005, and March 10, 2005. A claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself. Rumsfeld v. Padilla, 542 U.S. 426, 124 S.Ct. 2711, 159

L.Ed.2d 513 (2004); United States v. Poole, 531 F.3d 263 (4th Cir. 2008); United States v. Johnson, 317 Fed.Appx. 336, 337 n.2 (4th Cir. 2009), *citing* United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989). Such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement.[1] Miller, supra.; In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a). Because the Petitioner is incarcerated in a prison which is outside the Western District of North Carolina, this Court does not have jurisdiction to entertain his claim.

The Court has considered the Petitioner's motion, any attached exhibits, and the record of the prior proceedings. The Court finds that the Petitioner is not entitled to relief and therefore the motion must be dismissed. The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citations omitted). As a result, the Court declines to issue a certificate of appealability. Rule 11(a), Rules Governing Section 2255 Proceedings for the

---

[1] The Court does not consider the timeliness of the §2255 motion since it does not have jurisdiction over the action.

United States District Courts.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is hereby **DISMISSED** without prejudice.

Signed: July 16, 2010

Martin Reidinger
United States District Judge