IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:05-cr-00016-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DENNIS ROGER VANDYKE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for credit for time served. [Doc. 55].

On February 8, 2005, the Defendant was charged in a Bill of Indictment with one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a firearm not registered to him in the National Firearm Registration, in violation of 26 U.S.C. § 5861(d). [Doc. 2]. At the time of his Indictment, the Defendant had state charges pending against him by the State of North Carolina and was receiving mental health treatment at Broughton Hospital in Morganton, North Carolina. [See Doc. 4]. After the Defendant was released from Broughton Hospital and the state charges

were dismissed, he was taken into federal custody on March 10, 2005. [Doc. 9]. During the pre-trial proceedings in this Court, the Defendant required a psychiatric evaluation and another period of treatment pursuant to 18 U.S.C. §§ 4241, *et seq.*

In October 2007, the Defendant entered into a plea agreement with the Government pursuant to which he agreed to plead guilty to the § 922(g)(1) count. [Doc. 45]. On January 30, 2008, the Defendant was sentenced by the Hon. Lacy H. Thornburg to 84 months' imprisonment. [Doc. 50]. He did not file a direct appeal.

On May 10, 2010, the Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255, claiming that the Bureau of Prisons (BOP) had refused to give him credit for time served between January 21, 2005, and March 10, 2005. The Court dismissed the Defendant's motion without prejudice on July 21, 2010. [Doc. 54].

The Defendant now brings the present motion, renewing his claim that the BOP failed to give him credit for time served from January to March 2005. [Doc. 55].

"A claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself." United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). Such claims must be raised

pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a). Because the Petitioner is incarcerated in a prison which is outside the Western District of North Carolina, this Court does not have jurisdiction to entertain his motion.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for credit for time served [Doc. 55], is **DENIED WITHOUT PREJUDICE** to renewal in the proper forum.

**IT IS SO ORDERED.**

Signed: January 9, 2015

Martin Reidinger
United States District Judge